Our next case for argument is Dorcus Dwayne Allen v. Bomkamp. Okay. Is the court ready? Not quite. We're just waiting for counsel to get settled. Thank you. I'll let you know. Thank you. Can you hear us? I can. Thank you. Good. Thank you. Wait just one moment and then we'll be ready to go. You may proceed. Thank you. Thank you. May it please the court and counsel, my name is Mary Kay High. And along with Peter Mazzone, I represent Dorcus Allen. I'll be arguing for Mr. Allen this morning and I'd like to reserve three minutes for rebuttal. We're asking that this court find that the state's barred from retrying Mr. Allen on murder in the first degree because they failed to prove all the elements of the crime that he was charged with, aggravated murder, and tried. After Elaine and his case, Dorcus Allen's case, Allen 2, it's apparent that aggravated murder is a separate crime. There are many reasons for us to say this, but probably first and foremost is the Allen 2 case, which arose out of Mr. Dorcus Allen's case. Our Supreme Court unambiguously framed the issue as before it is, Okay, what's the critical question? And that is whether RCW 1095-020, whether those aggravating circumstances are elements of the offense of aggravated murder? And they answered, yes, that they are. But we hold that the 1095-020 aggravating circumstances, which increased... I thought that the Supreme Court basically said, look, we used to refer to these as sentencing enhancements or sentencing aggravators. But the U.S. Supreme Court has now told us, no, they have to be submitted to a jury and proven by proof beyond a reasonable doubt. So we treat them as elements. But isn't the crime of aggravated murder in Washington, doesn't it consist of murder in the first degree, which is essentially premeditated murder, and then a proof, but beyond a reasonable doubt, of sentencing elements? In this case, the victims were four police officers in the line of duty and that, I guess, a weapon was used. So how does that make it a separate crime? It seems to me that the jury concluded that your client was guilty of first degree murder and then went on to determine whether or not, beyond a reasonable doubt, the state had proven the aggravating elements. Well, Aline, I think, gives us a lot of direction there. In that case, the United States Supreme Court tells us that facts that expose a defendant to punishment greater than otherwise actually should be defined as elements and they create a separate legal offense. And here we have even more proof that it is a separate legal offense. And that is, it's found in RCW 1095, not 9A32, where the other portions of murder are found. And the sentencing that flows from a 1095 offense are also found in 1095. And so it really does hinge on, is aggravated murder a separate offense? And our court actually, I think, says, yes, it is. I'm having a little trouble with this argument, but maybe you can help me out. At the trial, the judge, if I read the record correctly, proposed that in addition to the offense of aggravated murder, that he charged the jury with a lesser included offense of first-degree murder and the lesser included offense of second-degree murder. The defense objected to the second-degree murder, but not to the first-degree murder. There was no, as I, I could be wrong, but as I read the record, there was no objection on double jeopardy or any other grounds to his charging. So there it was, a separate offense that went to the jury and the jury convicted. And the only reason it's being retried has nothing to do with double jeopardy. It has to do with the misstatements made by the prosecutor on summation and things like that. And the state is not seeking to retry the first count, the aggravated murder count. And we know, therefore, from the jury's verdict for a certainty, that they found all the elements of first-degree murder beyond a reasonable doubt. And the only remaining element, the only thing that distinguishes that from aggravated murder, is the additional aggravating counts. And that's what they found were not proved. So why isn't that the end of the subject? Okay, so let me unpack this just a little bit. Now, the amended information in this case charged aggravated murder. And the state has that power to decide what charges to file. And that they, court, whomever, were unaware that our Supreme Court would revisit conflicting jurisprudence about aggravated murder and clarify that 1095-020 as a separate crime, I think is important. And let's take a look, also. I mean, our court... It's true. Of every case in which there is a lesser-included offense charged to the jury, the greater offense always includes the lesser offense plus something more. And that's what... So if I understand your theory, every time a judge, without objection, as there was no objection to the inclusion of the lesser-included offense of first-degree murder, charges the jury on both the higher item and the lesser, and the jury acquits on the higher and convicts on the lesser, nonetheless, that conviction is barred by double jeopardy. How could that be? Yeah, and that is not our argument, so let me clarify that. I don't see this as an instructional case, and I don't see it as a lesser-included. In response to our defendant's notice claim of what he was charged with, what we had was instructions that bifurcated the elements of the charged offense. And the fact that we have bifurcated instructions, I think we need to take a look at this. The state presented additional argument in Fernandez, which didn't take any issue with Allen's discussion and conclusion that these are elements for double jeopardy, and it simply recognized that Washington permits bifurcation of elements in jury instructions. But counsel, that can't be right. Counsel, that can't be right. I mean, the state Supreme Court said in State v. Thomas in 2009 and State v. Kincaid in 1985 that aggravated murder in the first degree is not a separate, distinct criminal offense under Washington law. The crime is premeditated murder in the first degree accompanied by the presence of one or more of the statutory aggravating factors. And the only difference, based on U.S. Supreme Court subsequent authority,  by proof beyond a reasonable doubt, is if they were elements of the punishment. It doesn't make it a separate crime. It's just a question of how premeditated murder in the first degree will be punished if the jury found the aggravating factors. And I would disagree. And Allen, too, I think our court was very, very clear, saying we're revisiting that jurisprudence, and basically Kincaid and Thomas no longer control that after a layman. The difference is death v. life imprisonment without parole, is it not? So if the aggravators are not found, then he cannot be put to death. We don't have the death penalty in Washington state, so these aggravators would help. We understand there's no death penalty in Washington state, but the result, although these are listed as aggravators for a capital situation, is that if you are convicted beyond a reasonable doubt of one or more of those aggravators, then you could be subject to life without parole. But what I'm having trouble understanding is I look at jury instruction number 10, which lays out what is premeditated murder, and then I look at the verdict form, and he was found guilty of murder in the first degree. Then, of course, the second part, which is the aggravating factors, in accord with Supreme Court, he was given a special verdict form to make sure that those would be found beyond a reasonable doubt, and they were not. So he now finds himself not subject to that aggravating factor, but the underlying claim or underlying charge really is murder in the first degree, and I just have trouble understanding why the case gets reversed because of the aggravating factors. Nothing to do with murder in the first degree. No objection to the instruction on murder in the first degree. So I can't fit that into a devil-jeopardy analysis, so maybe I'm missing something, but I'm trying to fit it into a case or a construct. Okay, so let's take a step back, and why did that process of bifurcation arise in the first place of the special verdicts? And that procedure was not designed to supplement or supplant a trial court's ruling on lesser included or the need for instructing the jury on the process of lesser included. It was basically how a jury should conduct their deliberations, and whether or not they find beyond a reasonable doubt. These, what we now know, are elements of the offense for which he was charged. It really does hit you, John. Do you believe aggravated murder is a separate offense? I think Allen too tells us very clearly that it is, and the fact that the state knew that it's a separate offense is pretty obvious, and how they charge the crime, aggravated murder, versus take a look at what the second amended information is, that's only murder in the first degree. The fact that we have a crime for which he was given notice and tried, and the elements were not proved, aggravated murder, is why we're here before you asking that you find that the state failed to prove all the elements of the crime that he was given notice of and that he was tried on. The fact that we might want to revisit how we instruct jurors and juries is another question, but the state bears, I think, the consequence as well as that power of what to choose to charge, but the consequences of that charging decision. I just wanted to point you to your time, so I don't want you to get over it if you want to save it. I do. Thank you very much. You're welcome. Yes, we'll hear from the state. May it please the Court, Ann Eagler and James Schott appearing on behalf of the state. As in Sadison v. Pennsylvania, termination of jeopardy is only an issue with respect to the special verdicts acquitting Allen of the aggravating circumstances. As the Court has pointed out under Washington law, RCW 1095.020, there are separate components. The state Supreme Court has stated this countless times, and, for example, in State v. Roberts, the Court stated that aggravated murder in the first degree is not a crime in and of itself. The crime is premeditated murder in the first degree accompanied by statutory aggravating circumstances listed in the criminal procedural title of the Washington Code. And, of course, Mr. Allen would say, when I was charged, I was charged with aggravated murder, and that's true up until we get the second information, and now he's tried with murder in the first degree. And so then, in effect, I think they're arguing that the state's really conceded that aggravated murder is its own crime because that's what he was charged with in the information. He's correct that that's what he was charged with, but incorrect about the implications of that. As the U.S. Supreme Court stated in Schmuck v. United States, when the elements of a lesser included crime are a subset of the greater, the charge on the greater crime provides constitutionally sufficient notice. That elements test that is used by the federal courts is also adopted by the Washington Supreme Court in State v. Berlin. All of the elements of first-degree murder were contained in the charging document. It is irrelevant whether the title of that charge was aggravated murder or whether they were broken out into separate components. So your argument would be that the phrase aggravated murder is really just a term of art to describe the punishment that follows from a conviction of premeditated murder. Exactly. In fact, Allen himself recognized that in his briefing to the State Supreme Court in Allen 2. And in the merits briefing at pages 4 and 5, stated to the State Supreme Court that they recognized that acquittal on the aggravating circumstances would bar retrial on the greater offense, using that term greater offense, and that retrial could proceed on the lesser included offense of first-degree murder. So the State had no grounds in Allen 2, or excuse me, the court had no reason in Allen 2 to address whether retrial would be appropriate on the lesser included charge of first-degree murder. That was a given under the briefing, and it's a given under the case law as well. In, for example, State v. Yates, the Washington Supreme Court held that when there are separate instructions given on first-degree murder, and a verdict is entered first on that charge of first-degree murder, and then the jury proceeds to separate instructions and separate consideration of the aggravating circumstances, this provides the defendant with the opportunity to have the lesser included crime of first-degree murder considered separately. So you're saying it really isn't any different from a death penalty case where the jury first determines that the defendant is guilty of the underlying crime that is subject to the death penalty, and then goes into a bifurcated second proceeding to determine, by proof beyond a reasonable doubt, whether there are aggravating circumstances present that would warrant the imposition of death versus life without parole. Exactly, Your Honor. This wasn't a bifurcated proceeding in that the trial didn't break and consider the evidence separately, but the effect is the same. The jury was charged with determining those elements of the aggravating offense, as the Supreme Court stated in Apprendi, it must under the Sixth Amendment. And as the Washington Supreme Court stated in Allen 2, the Fifth Amendment extends to that jury acquittal as well. It gives that acquittal meaning. The State cannot go back and retry Mr. Allen on the acquittal on the aggravating circumstances. This is comparable to Sadezan v. Pennsylvania in that the Supreme Court, the plurality, noted that with a charge of capital murder, that there's a lesser included offense of first-degree murder, and the greater offense is murder with the capital penalty provisions. And in examining whether or not Jeopardy had terminated in that case with the hung jury, the court was noting that the first-degree murder conviction would still stand. That's a plurality decision, but it applies to Ring v. Arizona, which makes the same holding. And it's noteworthy as well that in Sadezan, the four-judge dissent by Justice Ginsburg also presumes that the underlying conviction on first-degree murder will stand if Jeopardy terminates on the aggravating circumstances. Justice Ginsburg would have held that Jeopardy terminated when the judge accepted that the jury had hung and imposed the sentence on the conviction for first-degree murder. So the U.S. Supreme Court, the State Supreme Court, the statute, there's simply no legal justification for the claim that's being made by Allen, and it would lead to absurd results. For example, if a jury were separately instructed on the crime of delivery of a controlled substance and asked to enter a separately instructed verdict on whether a firearm was used, which would cause a penalty sentencing enhancement aggravator to be imposed, assume that the jury finds the individual guilty on the delivery of a controlled substance and acquits on the aggravating circumstances, the relief that Allen is asking for would turn the law on its head and result in that acquittal on the firearm wiping out the jury's conviction on the underlying crime. I think it would lead to even other absurd results. If I understand the theory of your adversary, if you have a greater offense with four elements and a lesser offense with three, and there's an acquittal of the four element and a conviction on the three, but the case goes up on appeal on the lesser offense, and it's reversed for a new trial because of some error that has nothing to do with the merits, the state could never retry on what the jury had determined was, at the very first trial, was guilt because double jeopardy would apply. That can't be the law, it seems to me. Exactly, Your Honor. And it is absolutely critical that these were separately instructed, that there was a separate definition given in Instruction 10, and then the two convict instructions under Instructions 13 through 16 on first-degree murder, and only if a conviction was reached on one or all of those was the jury then to turn, pursuant to Instruction 19, to the aggravating circumstances. Why is this so important? Because as this Court held in Good Day, acquittal on the greater offense does not bar retrial if there was notice of the elements and there were separate instructions. That's precisely what we have here. This is very much like, as well, U.S. v. Candelario-Santana, in which the First Circuit held that when the individual was found guilty of murder and then it deadlocked on the aggravating circumstances that would allow a death penalty to be entered, retrial would be permissible on first-degree murder. Jeopardy terminated only on the capital aggravating circumstances. We have, in essence, the same thing here. That's what the Washington courts have recognized under Washington law, and it is entirely consistent with what the U.S. Supreme Court has held in Satizan and Ring. So is what he's fighting now just a question of whether or not the punishment will be life without parole versus life with the possibility of parole, depending on how the retrial verdict comes out on the aggravators? Yes, that is essentially. Okay. The case. But there's simply no legal justification for the argument. So we would ask that the court deny the habeas petition. Thank you. Thank you. Ms. Ayew, you have some time for a rebuttal. Thank you, and I would like to respond. First of all, he is now facing what would be a determinate sentence under the separate Sentencing Reform Act rather than under 1095, which only permits life without the possibility of parole. It would be a determinate sentence. I don't find it irrelevant. Does the range, counsel, does the range change? Is that it?  Okay. So it's a higher. It's now a determinate sentence. It's a higher range if he's convicted of the aggravator on retrial. Correct. It's life without the possibility of parole, period. Yeah, that's what I thought. And he has different aggravators here than he had the first time around that he was found and acquitted on. I think that, well, the 1095 aggravators clearly not going. They are seeking the SRA aggravators that actually mirror the 1095 aggravators. You may have seen those. But I don't think it's irrelevant that our courts require a trial court make a determination on whether a jury should be instructed on lesser included. And that wasn't something that was made here. In fact, the court said no. You know, I am to actually reject this very argument that somehow Kincaid and Thomas are still controlling when it said we need to revisit this and we need to revisit our prior jurors. But for double jeopardy counsel, for double jeopardy purposes, we do have to look, do we not, as to whether or not the jury was properly instructed on what amounts to the lesser included murder in the first degree. And if the jury did find those elements by proof beyond a reasonable doubt, then how can double jeopardy attach on retrial? He hasn't been acquitted of murder in the first degree. But he wasn't charged with murder in the first degree. They didn't prove the elements of what he was actually charged with, which was aggravated murder. Well, if we accept your premise that aggravated murder in the first degree is a separate crime, if we don't accept that premise, then how can double jeopardy attach to the jury's judicial verdict? I'm sorry. I didn't mean to interrupt. If you don't accept that premise, you know, you do have the opportunity to certify this question to the Washington State Supreme Court. But I think they were really clear in Allen, too, that aggravated murder is actually a separate offense. And they say that the offense of aggravated murder, that these are elements of the offense of aggravated murder. And I have just a few seconds. But Satterzan and Candelario Santana were cases where the jury hung. They did not find, beyond a reasonable doubt, that the state had failed to prove the elements of the charge offense, which is what occurred here. Again, we're asking that this court consider our briefing on the additional issues and find that, in fact, the state failed to prove the elements of aggravated murder. Thank you. Thank you. Thank both counsel for your argument this morning. Also, the briefing case of Allen v. Baumkamp is submitted.
judges: McKEOWN, TALLMAN, Rakoff